**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

SIDI MOHAMMED ADENANE,                                   DKT#

                Plaintiff**,**                             COMPLAINT

-against-

THE CITY OF NEW YORK, NEW YORK CITY TAXI
AND  LIMOUSINE COMMISSION, TLC OFFICER KUN FAN
 Shield# 1585, Tax Reg#. 153280 , TLC OFFICER
MD-A RAHMAN, Shield # 1221, Tax Reg.# 1548571,
 TLC OFFICER LINDA ANDREWS Tax Reg. # 065370 and
TLC OFFICERS JOHN DOES# 1-6
                Defendant(s),
------------------------------------------------------------------------x

**NOW COMES**, SIDI MOHAMMED ADENANE, by and through his attorney, **REHAN NAZRALI, ESQ.** as and for his complaint against the Defendants, and respectfully shows to this Court and allege as follows:

### INTRODUCTION

1.  This is an action at law to redress the deprivation by Defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America with intent to deny Plaintiff his civil rights, all of which arise under Federal Law, particularly Title 42 U.S.C. §§ 1983 and 1988, and the Constitution, Laws and Statutes of the United States and the State of New York.

### JURISDICTION AND VENUE

2.  This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, particularly Title 42 of the United States Code, §§ 1983, 1988. This Court also has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§ 1331, 1342 (4) and 1343. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this district under 28 U.S.C. § 1391(b).

**PARTIES**

4. At all times relevant hereto the Plaintiff SIDI MOHAMMED ADENANE (hereinafter PLAINTIFF) was and is a resident of Queens County, in the City and State of New York.

5. At all times relevant hereto, defendant New York City Taxi and Limousine Commission (hereinafter TLC) of the City New York was and is Municipal Corporation duly incorporated, organized and operating under the laws and ordinances of the City and State of New York.

6. At all times relevant hereto defendant City of New York (hereinafter "City") was and is a duly incorporated Municipality established and existing under the laws and ordinances of the State of New York.

7. At all times relevant hereto, defendant TLC was and is an independent Municipal Corporation duly incorporated, organized, operating and authorized under the laws and ordinances of the City and State of New York for the purposes of doing business as a public corporation providing licensing and regulating New York City's medallion (yellow) taxicabs, for-hire vehicles (community-based liveries and black cars), commuter vans, para-transit vehicles (ambulettes) and certain luxury limousines to residents and persons of the City and State of New York.

8. At all relevant times hereto defendant TLC pursuant to the laws of the City and State of New York establishing its existence and authorizing its operations, owned, operated, controlled, directed, managed and supervised its Employees and particular its Agents and Inspectors.

9. At all relevant times hereto defendant TLC employed agents and inspectors throughout the County and Borough of Queens, and in particular on Northern Boulevard in or about the vicinity of 81st Street and 31st Avenue  to carry out undercover enforcement operations and perform inspections for the TLC pursuant to City Policy under its Vision-Zero Operations.

10. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that Defendant CITY through TLC employed defendant OFFICER KUN FAN Shield# 1585, Tax Reg 1532806 as agent,and inspector in or about Northern Boulevard, Queens, County, City of New York to carry out undercover enforcement operations and  perform inspections for the TLC. He is sued here in his individual and official capacity.

11. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendant OFFICER KUN FAN Shield# 1585, Tax Reg 1532806 was an agent, servant and employee of

each of defendants CITY and TLC  and was at all times acting within the purpose and scope of such agency and employment. Upon information and belief, defendant OFFICER KUN FAN was substantially responsible for assaulting and battering Plaintiff and filing a false charge against him for resisting arrest.

12. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendant TLC employed defendant MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571 was an agent, servant and employee of each of defendants CITY and TLC and was at all times acting within the purpose and scope of such agency and employment. He is sued here in his individual and official capacity.

13. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendant MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571  was an agent, servant and employee of each of defendants CITY and  TLC and was at all times acting within the purpose and scope of such agency and employment.

14. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendant TLC employed defendant  OFFICER LINDA ANDREWS TAX #065370 was an agent, servant and employee of each of defendants CITY and TLC  and was at all times acting within the purpose and scope of such agency and employment.

15. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendant OFFICER LINDA ANDREWS TAX #065370  was an agent, servant and employee of each of defendants CITY and TLC  and was at all times acting within the purpose and scope of such agency and employment. She is sued here in her individual and official capacity.

16. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendants TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 were and are agents, servants and employees of each of defendants CITY and TLC  and was at all times acting within the purpose and scope of such agency and employment. Upon information and belief, defendant TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 were substantially responsible for assaulting and battering the Plaintiff about his person and failing to intervene while other TLC officers were engaged in such assaulting and battering the plaintiff. These  officers are sued here in their individual and official capacity.

17. That at all relevant times defendant TLC employed at the aforesaid location individuals who worked as New York City Taxi Limousine Commission Inspectors, defendants OFFICER KUN

FAN, OFFICER MD-A RAHMAN and TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1, Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment. These TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 together with defendant OFFICER KUN FAN, OFFICER MD-A RAHMAN were defendants' servants, agents and employees who are responsible for assaulting and battering, failing to intervene, abusing process, falsely arresting and imprisoning the Plaintiff, among other wrongful conduct.

18. That at all relevant times the Plaintiff is ignorant of the true names and capacities of defendants sued herein as TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

19. At all relevant times hereto Defendants City and TLC employed said agents and inspectors for ostensibly lawful purposes none of which included assaulting and or battering Taxi Drivers, filing false charges, falsely arresting and imprisoning, abusing process, failing to intervene, and using excessive force all in violation of the United States and New York State Constitutions, the laws, statutes, ordinances, rules and regulations relevant thereto as against persons not posing any physical and or imminent harm or threat to their persons or persons they were responsible for.

20. That said individual Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

**PENDANT STATE CLAIMS:**

21. That on or about December 30 2019 Plaintiffs Notice of Claim was duly filed with the Comptroller's office of the City of New York and with the TLC.

22. That said Notice of Claim was not filed within 90 days after the causes of action had accrued and as such more than thirty (30) days have elapsed since the filing of said Notice and this matter has not been settled or otherwise disposed of.

23. The Plaintiff has been ready, willing and able to submit to an inquiry concerning the justness of his claims as provided by section 50-H of the General Municipal Law, however because of severe

illness and repeated hospitalization a hearing has yet to be scheduled and or conducted by the defendants.

24. This action has been commenced within one year and ninety days after Plaintiff's various causes of action have accrued.

25. The Plaintiffs have substantially complied with all the conditions precedent to the commencement of this cause of action.

## **FACTS**

26. On October 2, 2019 at approximately 02:00am thereof, Sidi Mohammed Adenane was the operator of a motor vehicle, which he used as a vehicle-for-hire.

27. On the same day, at approximately 02:45 AM, the Plaintiff, while operating his vehicle was stopped by two non-uniformed TLC Enforcement Officers, to wit Officer KUN FAN, an Asian male,  approximately 5'11"- 6', athletic build, grey t-shirt, blue jeans and black boots and LINDA ANDREWS, a Black female officer, dark skin, approximately 5'8" about 160-170 lbs, short hair, black pants, yellow/orange shirt and white sneakers, who then got into his vehicle and requested that he drive them to a location on Northern Blvd in the County of Queens, City and State of New York. Plaintiff began the operation of the vehicle but stopped his vehicle after traveling approximately  a block on  81st Street and 31st Avenue, Queens, New York.

28.   As soon as Plaintiff stopped his vehicle, TLC enforcement Officers operating an unmarked vehicle with the emergency lights pulled alongside the claimant's vehicle. A white, male, TLC enforcement officer, approximately 39-40 years of age, between 5'8" -5'9", muscular, brown hair and beard, wearing a New York Yankees white baseball cap, bullet-proof vest, gray jeans, and sneakers (hereinafter TLC Officer John Doe #1) jumped out of the front passenger seat of the TLC vehicle and grabbed Plaintiff from his shoulder as he was emerging from his vehicle and threw him to the ground. This white male officer, John Doe, #1, called out for handcuffs while he had pulled claimant's arms behind his back and pinned Plaintiff to the ground with a knee on his back.

29. While the aforesaid white male officer John Doe #1, had pinned Plaintiff down with his knee and was waiting for the handcuffs, Officer KUN FAN, who had previously posed as a passenger in his vehicle, brought handcuffs and placed them on Plaintiff's wrists, all while his arms were pulled behind him and he was lying on the ground face down. Enforcement officer, KUN FAN replaced

the white male officer John Doe #1 by placing his knee in the middle of Plaintiff's back and then put Plaintiff in a chokehold to the point that Plaintiff begged him to stop as he could not breathe.

30. Meanwhile Officer KUN FAN, then stood, on top of claimant's knees.

31. As Plaintiff lay on the ground, not resisting, with both Officers holding him in a chokehold and a knee in his back and officer John Doe#1 standing on Plaintiff's knees, another white officer, TLC Officer John Doe #3, who is described as tall, skinny build, black hair, wearing a white shirt, blue jeans and white sneakers, punched Plaintiff on the left temple, punched him in his left ribs about 10-20 times and stepped on Plaintiff's left shoulder.

32.  While these three TLC Officers were in various modes of holding, pinning, pressing and punching Plaintiff as he lay on the ground in handcuffs, a fourth TLC officer, John Doe #4,  began kicking the back of claimant's sandal clad feet, causing Plaintiff's exposed toes and feet to chafe and scrape against the ground.

33. After these multiple assaults and batteries the aforesaid TLC Officers placed a bleeding, bruised and injured Plaintiff in a TLC vehicle and drove him to the 115th Precinct. Upon Plaintiff's arrival, while bleeding and injured, he was examined by New York City Police Officers, and particularly a white, male, white shirted supervisor, about 40 years old, who refused to accept Plaintiff in the precinct and or process his arrest and stated to the aforementioned TLC enforcement Officers, upon information and belief: " *you fucked him up now go fuck yourself*."

34. Due to Plaintiff's injuries, the TLC Officers escorted him to Elmhurst Hospital in Queens, New York, where he was treated for injuries sustained as a result of the TLC officers, assault, battery and excessive force in arresting Plaintiff .

35. While at Elmhurst Hospital, Plaintiff complained of acute pain in both knees, right shoulder pain, dizziness, perforated nasal septum anteriorly and multiple skin abrasions on his upper and lower extremities, arms, wrists, knees, lower legs, feet; multiple areas of scab formation and back and neck pain. Plaintiff informed the medical staff  that he was assaulted by TLC police officers, hit and thrown on the ground.

36. The TLC Officers then escorted Plaintiff who was  shackled and handcuffed to Central Booking in Queens County, City and State of New York and TLC Officers KUN FAN and MD-A RAHMAN Shield# 1221, Tax Reg 1548571 processed his arrest.

37. Plaintiff did not resist arrest, however TLC Officers KUN FAN Tax Reg 1532806, John Does# 1-6, MD-A RAHMAN Shield# 1221, Tax Reg 1548571 and Jane Doe#1 did falsely charge him

with same. The Officers charged Plaintiff with resisting arrest in order to justify the excessive force used in arresting Plaintiff.

38. That those Officers who were aware of the fact that Plaintiff did not resist arrest did fail to intervene and prevent a false charge of resisting arrest being filed by officer KUN FAN. That as a result of the excessive force used against him, Plaintiff suffered injuries to: both knees, right shoulder, head, nose, upper and lower extremities, including arms, wrists, knees, lower legs, feet, neck and back requiring him to seek medical attention, physical therapy, and potentially surgery.

39. That at all times, defendant CITY and TLC were under a duty to train, retain, control, supervise and manage TLC enforcement Officers in a manner that was consistent with the Laws and Constitution of the State of New York and the United States such that said TLC Officers were to conduct themselves in a safe, lawful, and proper fashion so that no persons lawfully thereat would be caused to sustain serious personal injuries by their conduct.

40. That the above described conduct that took place on October 2, 2019 at the subject times and place by the defendant CITY through and/or by the actions of its agents, servants and employees, namely TLC Officer KUN FAN, MD-A RAHMAN and the other John Does#1-6 and Jane Doe#1 TLC Officers constitutes, variously, unreasonable and excessive force, false arrest, false imprisonment, abuse of process, failure to intervene and generally conduct that was violent, unprovoked, unlawful, unconstitutional and which did cause harmful and/or offensive bodily contact and deprive Plaintiff of liberty to his person and that this conduct upon Plaintiff was carried out by said TLC Officers who are servants, agents and/or employees of the defendant CITY and TLC.

41. By their conduct, defendant CITY and TLC through and/or by the actions of its agents, servants and employees, namely the aforesaid TLC Officers under color of law, pursuant to U.S.C §1983, deprived Plaintiff of his State and Federal constitutional right to be free from excessive and unreasonable force, false arrest, false imprisonment, abuse of process and failure to intervene.

42. That the TLC Officers, in the course of their wrongful conduct described in the foregoing paragraphs, were acting in the course of and in furtherance of their employment for defendants City of New York and TLC and as such, as their employer, said Municipal respondents are liable for their wrongful and negligent conduct.

43. Additionally, and upon information and belief, defendants City and TLC failed in their duty to train, retain, manage, control and supervise their agents, servants, employees and personnel in the

proper safe and secure manner in which to arrest individuals without using unreasonable and excessive force and then to fabricate false charges in order to justify wrongful conduct and to intimidate victims and such failure resulted in an improper and unreasonable excessive force and false charges being used and leveled on Plaintiff which conduct proximately contributed to the Claimant's injuries of October 2 , 2019 as described above.

44. That as a result of the aforementioned wrongful, negligent, careless, and reckless conduct of the aforesaid Defendants, Plaintiff sustained the injuries herein alleged.

45. That the Plaintiff sustained severe injuries, including, but not limited to, injuries to his  both knees, right shoulder pain, dizziness, perforated nasal septum anteriorly and multiple skin abrasions on his upper and lower extremities, arms, wrists, knees, lower legs, feet; multiple areas of scab formation and back and neck pain. That the Plaintiff has suffered a severe shock to his nervous systems, and has become emotionally distressed thereto. That the Plaintiff has suffered severe and agonizing pain, and is informed, and believes that such pain will continue indefinitely. That the Plaintiff's general health has been damaged and the functions of his body has been greatly impaired. That the Plaintiff has had to spend large sums of money for medical care and attention, and are informed and believe that in the future it will be necessary for him to continue to do so indefinitely. That as a result of Defendants'  intentional acts and negligence, the Plaintiff has been damaged in an amount to be determined after trial.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR UNREASONABLE AND EXCESSIVE FORCE UNDER 42 USC §1983 AS AGAINST DEFENDANTS CITY, TLC OFFICER KUN, TLC OFFICER MD-A RAHMAN and TLC OFFICERS "JOHN/JANE DOES 1-6:

46. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 45, of this civil complaint as though fully plead and re-alleged in their entirety below.

47. That the Fourth Amendment and fourteenth of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

48. That the above describe conduct that took place on  October 2, 2019 at the subject times and place by the defendant Defendants CITY, TLC and each of them, including Defendant(s)TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN  Shield # 1221, Tax

Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 constitutes unreasonable and excessive force in violation of the 4th and 14th Amendment in that the conduct was violent, unprovoked and did cause harmful and/or offensive bodily contact to the person of Plaintiff and that this conduct was carried out by the defendants CITY and TLC Agents, servants and employees TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE#1

49. That at the time of Plaintiff's arrest, the defendants CITY and TLC Agents, servants and employees TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE#1 lacked justification or probable cause: (a) to believe that Plaintiff had resisted arrest and committed the crime of resisting arrest; (b) to believe that the Plaintiff was about to commit a crime; and (c) to use excessive force against Plaintiff.

50. By their conduct, defendants CITY and TLC Agents, servants and employees TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE#1 under color of law, deprived Plaintiff of his constitutional right to be free from excessive and unreasonable force.

51. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

52. By reason of the foregoing, Plaintiff was injured; was rendered sick sore lame and disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue his usual and regular activities; and upon information and belief her injuries are permanent in nature and effect.

53. That solely by reason of the above, the Plaintiff has been damaged in an amount equal or in excess of the jurisdictional limits of this Court

## AS AND FOR AN SECOND CAUSE OF ACTION
## FOR FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 USC §1983

**AS AGAINST DEFENDANTS CITY, TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , OFFICER MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICERS JOHN DOES# 1-6 AND JANE DOE#1:**

54. The Plaintiff  hereby incorporates by reference each and every preceding paragraphs 1 through 53 of this civil complaint as though fully plead and re-alleged in their entirety below.

55. That the Fourth Amendment and fourteenth of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

56. That the above described arrest and imprisonment that took place on  October 2, 2019 at the subject times and place by the defendants CITY and TLC through and/or by the actions of their agents, servants and employees, namely TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , OFFICER MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 AND JANE DOE#1, constitutes false arrest and false imprisonment on the resisting arrest charge without probable cause in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

57. That at the time of Plaintiff's arrest, Defendants TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , OFFICER MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 AND JANE DOE#1 acted under color of law and were exercising their responsibilities pursuant to state law and under the directives of the Defendants CITY and TLC.

58. That at the time of Plaintiff's  arrest, the Defendants CITY and TLC through and/or by the actions of its agents, servants and employees, namely Defendants Tlc OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , OFFICER MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 AND JANE DOE#1 lacked probable cause: (a) to believe that Plaintiff had committed a crime of resisting arrest; (b) to believe that the Plaintiff  was about to commit the crime of resisting arrest; and (c) to commence a criminal prosecution against Plaintiff on the false criminal charge of resisting arrest.

59. That at the time of Plaintiff's arrest, the Defendants CITY and TLC through and/or by the actions of their agents, servants and employees, namely Defendants Agent Defendants Tlc OFFICER KUN FAN SHIELD# 1585 Tax Reg 1532806 , OFFICER MD-A RAHMAN  Shield # 1221, Tax

Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 AND JANE DOE#1 acted with malice towards Plaintiff as the motivation for his assault, battery, excessive force and false arrest on fabricated charges of resisting arrest

60. That as a result of Plaintiffs false  arrest charge of resisting arrest, he was taken into police custody and subjected to additional false grounds for incarceration.

61. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

62. By reason of the foregoing, Plaintiff  was injured; was rendered sick sore lame and disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue her usual and regular activities; and upon information and belief her injuries are permanent in nature and effect.

63. That solely by reason of the above, the Plaintiff has been damaged in an amount equal or in excess of  the jurisdictional limits of this Court .

**AS AND FOR A THIRD CAUSE OF ACTION**
**AS AGAINST DEFENDANTS CITY FOR MONELL**
**VIOLATIONS OF PLAINTIFFS CIVIL RIGHTS UNDER 42 USC SECTION 1983**

64. The Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 63, of this Complaint as though fully plead and re-alleged in their entirety below.inclusive, as if fully set forth.

65. That the Fourth Amendment and fourteenth of the Constitution of the United States protects the right to be free from unreasonable searches and seizures.

66. That the City failed to take the steps necessary to properly train, supervise or otherwise instruct its officers, including but not limited to TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , OFFICER MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 AND JANE DOE#1, in the proper use of force or the avoidance of excessive force in making arrests; in the proper and strict adherence to their moral and professional obligations to intervene

to stop the same where such excessive force is being used in their presence and in the proper and strict adherence to their duties and obligations not file false criminal charges and thus abuse process to shield themselves from liability as against those individuals who they have knowingly wronged,

67. Defendants City and TLC and all their principals thereto knew or should have known to a moral certainty that   TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , OFFICER MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 AND JANE DOE#1 would confront situations in which they would require the application of the use of force.

68. That in 2014 New York City commenced a comprehensive city wide policy called Vision-Zero, in order, among other things, to improve safety throughout the City, whereupon it began implementing a new approach in training for TLC officers, and in particular the Enforcement Division of TLC's Uniformed Services Bureau (USB), by pairing as it were USB members, with NYPD, MTA police, Port Authority Police and NYC Sheriff's Office, to train them among other things, in the use of force against individuals, particular those like Plaintiff, operating for-hire vehicles without the proper licenses and background checks, and to seize individuals and vehicles illegally posing as for hire vehicles or commuter vans.(See https://www1.nyc.gov/content/visionzero/pages/enforcement)

69. That the TLC enforcement officers and particularly those who are members of USB units, since at least 2004 have been widely reported throughout various media sources to have a history of mishandling situations where the use of force was required.(https://www.nytimes.com/2004/08/12/nyregion/incident-puts-taxi-officers-in-spotlight.h t)

70. That TLC enforcement officers responsible for making arrests of similar situated persons like the Plaintiff have reported in the media that they are structural inadequacies in the policies by which such enforcement officers are trained and  managed regarding the application and or use of force https://nypost.com/2014/08/25/illegal-drivers-are-getting-physical-with-tlc-officers/

71. That New York City has a policy regarding the use and application of force as set out in the NYPD Patrol Guide Procedure Number 221-01.

72. The NYPD Patrol Guide Procedure 221-01 states that " **In all circumstances, any application or use of force must be reasonable under the circumstances"**

73. Indeed, NYPD Patrol Guide Procedure 221-08 makes clear that even when using a Taser or CEW's to manage a situation requiring the use of force "a CEW should only be used against persons who are actively resisting, exhibiting active aggression, or to prevent individuals from physically injuring themselves or other persons actually present," and that "It is prohibited to use a CEW in situations that do not require the use of physical force…It is prohibited to use the CEW on person as a form of coercion or punishment and on persons who passively resist."

74. That New York City, as detailed in the Complaint of *Maurice Winbush v. City of New York et al* Docket# 17CV8765 demonstrates multiple instances since at least 2014, where NYPD mishandled situations involving just merely the use of CEW's, where the person did not pose a threat to the police or was passively resisting.

75. That notwithstanding the NYPD Patrol guides Procedure on the use of force, the NYPD were and are grossly negligent in training and supervising their own employees and subordinates in the use of force from at least 1985 and have had a systemic problem with misconduct whereupon over 323,000 accusations of misconduct against current and former New York City police officers have been filed against at least 85,000 police officers. (See https://www.nytimes.com/2020/08/20/nyregion/nypd-ccrb-records-published.html)

76. That having a policy in place where TLC enforcement Officers train in the use of force with NYPD, MTA Police, Port Authority Police and the NYC Sheriff's Office, all established constabulary forces that are required to routinely to use extreme physical force in enforcement operations, where such police constabulary forces have a systemic problem with misconduct and who have also become increasingly militarized in both their tactics and strategies in the use of force, and thus become increasingly militarized, and desensitized to the use of excessive force[1] was and is grossly negligent to the safety of such persons as plaintiff, in that such training exposes such TLC officers to the wrong ethos and tactics in the use of force against an otherwise less dangerous and violent population that such constabulary forces deal with routinely and thus the City improperly trained such USB TLC enforcement officers in the constitutional use of force,

---

[1] https://www.nytimes.com/2011/12/04/sunday-review/have-american-police-become-militarized.html;
https://en.wikipedia.org/wiki/Militarization_of_police;
https://www.nybooks.com/daily/2020/06/03/how-police-became-paramilitaries/;
https://www.pnas.org/content/115/37/9181; https://www.wnyc.org/story/militarization-american-police-departments/;
https://www.pnas.org/content/115/37/9181; https://www.wnyc.org/story/militarization-american-police-departments/
https://www.newyorker.com/news/news-desk/do-not-resist-and-the-crisis-of-police-militarization;
https://www.britannica.com/topic/Militarization-of-the-Police-in-the-U-S-The-2008914;
https://www.aclu.org/report/war-comes-home-excessive-militarization-american-police

the reporting of same to the proper authorities where excessive force is used, the duty to intervene to prevent abuse by excessive force and duty to not file false charges to shield themselves from lawful prosecution by having such a policy of training TLC officers with and by NYPD and other similarly situated constabulary force in the use of force for same.

77. That further the subject Vision-Zero initiative exposed TLC enforcement officers, who typical don't carry guns, to use of force training by constabulary forces that routinely must carry weapons and deal with armed physical danger, and which forces have become increasingly militarized, and desensitized to the use of excessive force[2], which force disproportionately and systemically impacts and affects "communities of color,[3]" further desensitizing the TLC Officers charged with using physical force to acts of brutalization among those Officers using force and targeting "communities of color" among who is Plaintiff, a person of Middle Eastern and North African Ethno-Ancestry.

78. Upon Information and belief, the Defendant CITY and TLC knew or should have know that their policy and practice of having USB/TLC officers trained in the use of force by NYPD and other heavily armed and militarized constabulary forces would militarize and desensitize the subject TLC enforcement officers to the application of the excessive use of force and or from notice of claims, lawsuits, complaints and their own observations that the individual inspectors and agents and inspectors because of their improper training and supervision were unfit to be agents and inspectors of the TLC and that it was highly likely that they would commit the alleged acts alleged in the present case, and as such, they exhibited deliberate indifference to the rights of others by failing to act on such information[4] indicating that unconstitutional acts were occurring. Their acts of deliberate indifference were a deliberate choice from among various alternatives not to militarize the use of force training of its enforcement Officers.

[2]https://www.nytimes.com/2011/12/04/sunday-review/have-american-police-become-militarized.html;
https://en.wikipedia.org/wiki/Militarization_of_police;
https://www.nybooks.com/daily/2020/06/03/how-police-became-paramilitaries/;
https://www.pnas.org/content/115/37/9181; https://www.wnyc.org/story/militarization-american-police-departments/;
https://www.pnas.org/content/115/37/9181; https://www.wnyc.org/story/militarization-american-police-departments/
https://www.newyorker.com/news/news-desk/do-not-resist-and-the-crisis-of-police-militarization;
https://www.britannica.com/topic/Militarization-of-the-Police-in-the-U-S-The-2008914;
https://www.aclu.org/report/war-comes-home-excessive-militarization-american-police
[3] (Floyd v City of NY, 959 F Supp 2d 691, 697 [SDNY 2013])
[4] See Supra footnotes 1 and 2

79. Indeed in *Talib v Garcia*, 2000 US Dist LEXIS 9752, at *21 [SDNY July 11, 2000, 98 Civ. 3318 (DC)]) Plaintiff therein submitted evidence of over 200 complaints having been filed by civilians as against TLC Officers and inspectors, including those who were accused of using **excessive force in arresting complainants, which include such acts of force as** throwing a driver up against a car causing him to suffer a cut on his arm and "using profanity and grabbing [complainant's] testicles" after stopping him for suspected operation of a for-hire vehicle without a license, among other things, as a demonstration that the CITY and TLC did not have a mechanism to correct itself with respect to the use of excessive force by its enforcement officer. Id

80. Notwithstanding the evidence of constitutional violations of individuals like Plaintiff by its agents, servants and employees as set forth in cases like *Talib v Garcia,* supra, the City and the TLC and its relevant principals, as the final decision maker, and as matter of practice and policy thereto exercised deliberate indifference as to Plaintiff's constitutional rights by failing to take remedial actions such as providing adequate training, supervision, retraining and disciplining of such TLC Officers and or inspectors on the use of force, the constitutional boundaries of excessive force, wrongfulness of abuse of process, and the necessity to avoid failures to intervene by TLC Officers and inspectors where individuals being subjected to wrongful conduct by other TLC Officers is occurring in their presence.

81. That the conduct of the defendant CITY and TLC violated Plaintiff's rights under 42 USC Section 1983, the Fourth and Fourteenth Amendment, the Constitution of the United States and the laws of New York State by failing to properly train, supervise and retrain agents and inspectors of the TLC, failing to adequately discipline the defendant subordinate agents and employees, failing to adequately investigate prior complaints against the defendant subordinate agents and employees, and by acting in a manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees in violation of state and federal law.

82. That the aforementioned individual subject TLC defendants actions were committed under color of state law and that these acts deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

83. As a direct and proximate result of the misconduct and abuse detailed above, Plaintiff experienced personal and physical injuries, conscious pain, emotional distress, mental anguish, embarrassment, and humiliation.

84.  That solely by reason of the above, the Plaintiff has been damaged in an amount equal or in excess of  the jurisdictional limits of this Court .

**AS AND FOR A FOURTH CAUSE OF ACTION**
**FOR FAILURE TO INTERVENE  UNDER 42 USC § 1983 AS AGAINST OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , OFFICER MD-A RAHMAN  SHIELD # 1221, TAX REG# 154857, OFFICER LINDA ANDREWS TAX #065370 and JOHN DOES #1 through #5**

85.  The **PLAINTIFF**, hereby incorporates by reference each and every preceding paragraph 1-84 of this Complaint as though fully plead and re-alleged in their entirety below.

86.  That the Fourth Amendment and fourteenth of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

87.  That the Defendants TLC Officers, including but not limited to OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , OFFICER MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, Officer LINDA EDWARDS TLC Officers John Does# 1-6 had an affirmative duty to intervene on behalf of PLAINTIFF, whose constitutional rights were being violated in their presence by other police officers.

88.  That said Defendants failed to intervene to prevent the unlawful conduct described herein.

89.  That the aforementioned individual  subject TLC defendants actions  were committed under color of state law and that these acts 'deprived plaintiff  of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"

90.  That the subject TLC  officers who were present while Plaintiff was wrongfully injured by fellow TLC officers and failed to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens are liable under § 1983 ias those  officer had reason to know: (1) that excessive force was being used, (2) that constitutional violations had been committed by a law enforcement official; and that these officers had a realistic opportunity to intervene to prevent the harm from occurring.

91.  At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND

LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

92. That as a result of the foregoing, Plaintiff's was unwarrantedly assaulted and battered,  suffered excessive force, abuse of process, false arrest and false imprisonment on a false charge and he was put in fear of his safety, and he was humiliated and subject to other physical constraints and injuries.

93. By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and PLAINTIFF has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and PLAINTIFF will be unable to pursue Plaintiff's usual duties with the same degree of efficiency as prior to this occurrence all to Plaintiff's great damage.

94. That solely by reason of the above, the Plaintiff has been damaged in an amount equal or exceed of  the jurisdictional limits of this Court .

**AS AND FOR A FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER CIVIL RIGHTS LAW 42 USC §1983 ON BEHALF OF PLAINTIFF AS AGAINST CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICER LINDA ANDREWS TAX #065370 TLC OFFICERS JOHN DOES# 1-6**

95. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 94, of this civil complaint as though fully plead and re-alleged in their entirety below.

96. That the Fourth and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures, including intentional acts of violence; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

97. Plaintiff is informed and believes and thereon alleges, that such acts of Defendants TLC CITY, and each of them, including Defendant(s)TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN   Shield # 1221, Tax Reg# 1548571,TLC OFFICER LINDA ANDREWS TAX #065370   TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their

agents, servants and or employees were intentional, extreme, and outrageous. Plaintiff is further informed and believes and thereon alleges that such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

98.  That the aforementioned individual  subject TLC defendants actions  were committed under color of state law and that these acts deprived the plaintiff  of rights, privileges, or immunities secured by the Constitution or laws of the United States.

99.  At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

100. That as a direct, legal and proximate result of such acts of the Defendants TLC and each of them, including Defendant(s) OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees Plaintiff, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

101. That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court .

### AS AND FOR A SIXTH CAUSE OF ACTION
### FOR  ABUSE OF PROCESS UNDER CIVIL RIGHTS LAW 42 USC §1983 AS AGAINST DEFENDANTS CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICERS JOHN DOES# 1-6

102. The **Plaintiff** hereby incorporates by reference each and every preceding paragraphs 1 through 101 of this Complaint as though fully plead and re-alleged in their entirety below.

103. That the Fourth, Fourteenth and Fifth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; wrongful and false charges being filed against persons to deprive them of constitutional protections and provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

104. That the above described actions of the Defendants  CITY and TLC and more specifically, their agents, servants and employees, to wit TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE#1 constitutes abuse of process in that these Officers intentionally, willfully, and maliciously fabricated a charge of resisting arrest  as against Plaintiff  with the intent to cover up the above described excessive force, assault and battery upon him, and the defendants knowingly and intentionally abused the process of prosecution in this perverted manner to shield themselves from potential legal action to be taken against them by their employers, to wit Defendant CITY and TLC. "

105. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

106. That the aforementioned individual  subject TLC defendants actions  were committed under color of state law and that these acts 'deprived plaintiff  of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"

107. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

108. That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR BATTERY UNDER CIVIL RIGHTS LAW 42 USC §1983 ON BEHALF OF PLAINTIFFS AGAINST CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICERS JOHN DOES# 1-6

109. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 108, of this civil complaint as though fully plead and re-alleged in their entirety below.

110. That the Fourth and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

111. That at all relevant times as set forth herein, Defendants CITY, TLC and each of them, including Defendant(s) TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees, intended to cause and did cause harmful, unwanted, unwelcome contact with Plaintiff's person.

112. That Plaintiff did not consent to the defendant(s), and each of them, their agents, servants and/or employees' acts.

113. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

114. That the aforementioned individual  subject TLC defendants actions  were committed under color of state law and that these acts 'deprived plaintiff  of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"

115. That as a result of these intentional acts of the defendant(s), and each of them, their agents, servants and/or employees, the Plaintiff,, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a

permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

116. That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court

## AS AND FOR A EIGHTH CAUSE OF ACTION
## FOR ASSAULT UNDER CIVIL RIGHTS LAW 42 USC §1983
## ON BEHALF OF PLAINTIFF AS AGAINST CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICERS JOHN DOES# 1-6

117. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 116, of this civil complaint as though fully plead and re-alleged in their entirety below.

118. That the Fourth and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures.

119. That all relevant times set forth herein Defendants CITY, TLC and each of them, including Defendant(s)TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees, intended to cause and did cause the Plaintiff to fear an imminent threat of harm and or harmful contact with Plaintiff's person.

120. That Plaintiff did not consent to the defendants, and each of them, their agents, servants and/or employees, act.

121. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

122. That the aforementioned individual  subject TLC defendants actions  were committed under color of state law and that these acts deprived plaintiff  of rights, privileges, or immunities secured by the Constitution or laws of the United States.

123. That as a result of these intentional acts of the Defendants, and each of them, their agents, servants and/or employees, the Plaintiff sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

124. That solely by reason of the above, the Plaintiff has been damaged in an amount in excess of all lower Courts having jurisdiction over the subject matter.

125. That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court

### AS AND FOR A NINTH CAUSE OF ACTION
### FOR DENIAL OF RIGHT TO A FAIR TRIAL UNDER CIVIL RIGHTS LAW 42 USC §1983
### ON BEHALF OF PLAINTIFF AS AGAINST CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICERS JOHN DOES# 1-6

126.  The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 125, of this civil complaint as though fully plead and re-alleged in their entirety below.

127. That the Fourth and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation

128. That all relevant times set forth herein Defendants CITY, TLC and each of them, including Defendant(s)TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees, did deprive Plaintiff of his civil, constitutional and statutory rights  under color of law and is liable to Plaintiff under 42 USC 1983.

129.  That all relevant times set forth herein Defendants CITY, TLC and each of them, including Defendant(s)TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees, did deprive of his right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

130. That all relevant times set forth herein Defendants CITY, TLC and each of them, including Defendant(s)TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees, created false information likely to influence a jury's decision  and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

131. Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

**AS AND FOR A TENTH  CAUSE OF ACTION FOR A PENDENT STATE CLAIM FOR BATTERY ON BEHALF OF PLAINTIFFS AGAINST CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICERS JOHN DOES# 1-6**

132. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 131 , of this civil complaint as though fully plead and re-alleged in their entirety below.

133. That at all relevant times as set forth herein, Defendants CITY, TLC and each of them, including Defendant(s) TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees, intended to cause and did cause harmful, unwanted, unwelcome contact with Plaintiff's  person.

134. That Plaintiff did not consent to the defendant(s), and each of them, their agents, servants and/or employees' acts.

135. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

136. That as a result of these intentional acts of the defendant(s), and each of them, their agents, servants and/or employees, the Plaintiff,, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and

home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

137. Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

**AS AND FOR A ELEVENTH CAUSE OF ACTION FOR PENDENT STATE CLAIM OF ASSAULT ON BEHALF OF PLAINTIFF AS AGAINST CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICERS JOHN DOES# 1-6**

138. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 137, of this civil complaint as though fully plead and re-alleged in their entirety below.

139. That all relevant times set forth herein Defendants CITY, TLC and each of them, including Defendant(s)TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees, intended to cause and did cause the Plaintiff to fear an imminent threat of harm and or harmful contact with Plaintiff's person.

140. That Plaintiff did not consent to the defendants, and each of them, their agents, servants and/or employees, act.

141. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

142. That as a result of these intentional acts of the Defendants, and each of them, their agents, servants and/or employees, the Plaintiff sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

143. Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

**AS AND FOR A TWELFTH CAUSE OF ACTION FOR PENDENT STATE CLAIM FOR  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF PLAINTIFF AS AGAINST CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICER LINDA ANDREWS TAX #065370 TLC OFFICERS JOHN DOES# 1-6**

144. The  Plaintiff  hereby  incorporates  by  reference  each  and  every  preceding  paragraphs  1  through 144, of this civil complaint as though fully plead and re-alleged in their entirety below.

145. Plaintiff is informed and believes and thereon alleges, that such acts of Defendants TLC CITY, and  each  of  them,  including  Defendant(s)TLC  OFFICER  KUN  FAN  Shield#  1585  Tax  Reg 1532806 ,  MD-A  RAHMAN   Shield  #  1221,  Tax  Reg#  1548571,TLC  OFFICER  LINDA ANDREWS TAX #065370  TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees were intentional, extreme, and outrageous. Plaintiff  is further informed and believes and thereon alleges that such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

146. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

147. That as a direct, legal and proximate result of such acts of the Defendants TLC and each of them, including Defendant(s) OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE #1 as their agents, servants and or employees Plaintiff, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss

of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

148. Plaintiff has been damaged as a result of said defendants actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### AS AND FOR A THIRTEEN CAUSE OF ACTION
### FOR A PENDENT STATE CLAIM FOR FAILURE TO INTERVENE AS AGAINST OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , OFFICER MD-A RAHMAN SHIELD # 1221, TAX REG# 154857, OFFICER LINDA ANDREWS TAX #065370 and JOHN DOES #1 through #5

149. The **PLAINTIFF**, hereby incorporates by reference each and every preceding paragraph 1-148 of this Complaint as though fully plead and re-alleged in their entirety below.

150. That the Defendants TLC Officers, including but not limited to OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , OFFICER MD-A RAHMAN Shield # 1221, Tax Reg# 1548571, Officer LINDA EDWARDS TLC Officers John Does# 1-6 had an affirmative duty to intervene on behalf of PLAINTIFF, whose constitutional rights were being violated in their presence by other police officers.

151. That said Defendants failed to intervene to prevent the unlawful conduct described herein.

152. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

153. That as a result of the foregoing, Plaintiff's was unwarrantedly assaulted and battered, suffered excessive force, abuse of process, false arrest and false imprisonment on a false charge and he was put in fear of his safety, and he was humiliated and subject to other physical constraints and injuries.

154. By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will be permanently caused to suffer pain and inconvenience and other effects of

such injuries; and PLAINTIFF has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and PLAINTIFF will be unable to pursue Plaintiff's usual duties with the same degree of efficiency as prior to this occurrence all to Plaintiff's great damage.

155. Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## FOR PENDENT STATE CLAIM FOR  NEGLIGENCE IN HIRING AND RETAINING AS
## AGAINST DEFENDANT CITY

156. The Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 155, of this Complaint as though fully plead and re-alleged in their entirety below.

157. That the Defendants TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806, TLC OFFICER MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, TLC OFFICER LINDA ANDREWS TAX #065370Tlc Officers John Does# 1-6 lacked the experience, deportment and ability to be employed by Defendants CITY and TLC; in that Defendants CITY and TLC failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees, including but not limited to Defendant TLC OFFICERS KUN FAN, MD A RAHMAN and LINDA ANDREWS who lacked the mental capacity and the ability to function as employees of Defendants CITY and TLC; in that the defendant TLC officer employees, lacked the maturity, sensibility and intelligence to be employed by Defendant CITY and TLC, in that Defendants CITY and TLC knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees as TLC officers; and, in that Defendants CITY and TLC, its agents, servants and/or employees were otherwise careless, negligent and reckless by hiring the Defendants TLC officers

158. Defendants CITY and TLC knew, or should have known in the exercise of reasonable care, the propensities of the subject Defendant TLC Officers to engage in the wrongful conduct heretofore alleged in this Complaint.

159. That Defendants CITY and TLC, their agents, servants and employees in their failure exercise reasonable care to hire and retain, did act willfully, wantonly, maliciously and with such reckless

disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York including, in this instance, Plaintiff.

160. That the Defendants, CITY and TLC**,** was careless and reckless in hiring and retaining its employees, to wit  TLC OFFICERS KUN FAN, MD A RAHMAN and LINDA ANDREWS and TLC Officers John Does# 1-6, in that said Defendants lacked the experience deportment and ability to be employed by the defendant **CITY and TLC**.

161. That the Defendants CITY and TLC failed to exercise due care and caution in its hiring and retaining practices, and in particular, in hiring and retaining the Defendant police officer employees who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendant; and in that they hired and retained as an employee of their police department individuals whose backgrounds contained information (based upon information and belief) that revealed said Defendant employees lacked the maturity, sensibility, and intelligence to be employed by the Defendant CITY and TLC; in that the Defendants CITY and TLC knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees; and, in that the Defendant CITY and TLC their agents, servants and employees were otherwise careless, negligent, and reckless.

162. That the aforesaid occurrence, to wit, the improper and unreasonable hiring and retaining of TLC Officer employees resulted in excessive force, battery, assault false arrest and imprisonment and other wrongs, resulting injuries to Plaintiff's mind and body therefrom were caused wholly and solely by reason of the negligence in the hiring and retention of the Defendant, its agents, servants and employees without any negligence on the part of Plaintiff.

163. That by reason of the aforesaid, the Plaintiff was injured in Mind and Body, still suffers and upon information and belief, will continue to suffer great mental pain, and she was rendered emotionally and mentally distressed and so remains.

164. Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.


**<u>AS AND FOR  A FIFTEENTH CAUSE OF ACTION</u>**
**<u>FOR PENDENT STATE CLAIM FOR NEGLIGENCE IN TRAINING AND SUPERVISING</u>**
**<u>AGAINST DEFENDANT CITY</u>**

165. The Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 164, of this Complaint as though fully plead and re-alleged in their entirety below.

166. That the Defendants TLC TLC OFFICERS KUN FAN, MD A RAHMAN and LINDA ANDREWS and TLC Officers John Does# 1-6  being employees of the Defendant CITY and TLC, were negligently trained and supervised in the performance of their duties in that Defendant CITY and TLC failed to exercise due care and caution in its training and supervising practices that would have prevented the subject Officers and employees involved in the subject enforcement operation herein from assaulting, battering and  using excessive force in arresting and or detaining Plaintiff.

167. Defendants CITY and TLC knew, or should have known in the exercise of reasonable care, that the training and supervision of such Defendants to wit, TLC OFFICERS KUN FAN, MD A RAHMAN and LINDA ANDREWS and TLC Officers John Does# 1-6 was inadequate and insufficient to prevent the same from engaging in the wrongful conduct heretofore alleged in this Complaint.

168. That Defendants CITY and TLC, their agents, servants and employees in their failure to exercise reasonable care to train and supervise, did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York including, in this instance, the Plaintiff.

169. That the Defendants, CITY and TLC, was careless and reckless in its training and supervising of its employees, to wit, TLC OFFICERS KUN FAN, MD A RAHMAN and LINDA ANDREWS and TLC Officers John Does# 1-6, in that said Defendants knew and or should have known that assaulting, battering, using excessive force in arresting Plaintiff, filing false charges, abusing process and other wrongful conduct described above was unlawful and wrong and should not have engaged in such wrongful and or unlawful conduct.

170. That the Defendants CITY and TLC failed to exercise due care and caution in its training and supervising practices, and in particular, in hiring and retaining the Defendant employees who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendant; and in that it hired and retained as its employees, individuals whose backgrounds contained information (based upon information and belief) that revealed said Defendants lacked the maturity, sensibility, and intelligence to be employed by the Defendants CITY and TLC; in that the Defendants CITY and TLC knew of the lack of ability, experience, deportment and

maturity of said Defendant employees when they hired them to be employee; and, in that the Defendants CITY and TLC, their agents, servants and employees were otherwise careless, negligent, and reckless.

171. hat the aforesaid occurrence, to wit, the improper and unreasonable training and supervising employees resulted in the assault, battery, excessive force, false arrest and imprisonment, abuse of process and failure to intervene, among other wrongs, and resulting injuries to mind and body therefrom were caused wholly and solely by reason of the negligence of the Defendants CITY and TLC, its agents, servants and employees without any negligence on the part of Plaintiff.

172. That by reason of the aforesaid, Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was rendered emotionally and mentally distressed and so remains.

173. Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

<u>AS AND FOR A SIXTEENTH CAUSE OF ACTION</u>
<u>FOR PENDENT STATE CLAIM FOR  ABUSE OF PROCESS AS AGAINST DEFENDANTS CITY,TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 , MD-A RAHMAN SHIELD # 1221, TAX REG# 1548571, TLC OFFICERS JOHN DOES# 1-6</u>

174. The **Plaintiff** hereby incorporates by reference each and every preceding paragraphs 1 through 173 of this Complaint as though fully plead and re-alleged in their entirety below.

175. That the above described actions of the Defendants  CITY and TLC and more specifically, their agents, servants and employees, to wit TLC OFFICER KUN FAN Shield# 1585 Tax Reg 1532806 , MD-A RAHMAN  Shield # 1221, Tax Reg# 1548571, TLC OFFICERS JOHN DOES# 1-6 and JANE DOE#1 constitutes abuse of process in that these Officers intentionally, willfully, and maliciously fabricated a charge of resisting arrest  as against Plaintiff  with the intent to cover up the above described excessive force, assault and battery upon him, and the defendants knowingly and intentionally abused the process of prosecution in this perverted manner to shield themselves from potential legal action to be taken against them by their employers, to wit Defendant CITY and TLC.

176. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND

LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

177. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

178. Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION FOR
PENDENT STATE CLAIM FOR FALSE ARREST/IMPRISONMENT AS AGAINST
DEFENDANTS CITY, TLC OFFICER KUN FAN SHIELD# 1585 TAX REG 1532806 ,
OFFICER MD-A RAHMAN  SHIELD # 1221, TAX REG# 1548571, TLC OFFICER LINDA
ANDREWS TAX #065370TLC OFFICERS JOHN DOES# 1-6 AND JANE DOE#1**

179. The PLAINTIFF,**,** hereby incorporates by reference each and every preceding paragraph 1-178 of this Complaint as though fully plead and re-alleged in their entirety below.

180. That the actions of the subject Defendants TLC Officers constitutes false arrest and false imprisonment under the laws of the State of New York as to the charge of resisting arrest. Said Defendants intended to confine Plaintiff on this charge and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, PLAINTIFF did not consent to the confinement on this charge and the confinement was not otherwise privileged.

181. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and TLC employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND NEW YORK CITY TAXI AND LIMOUSINE COMMISSION who were was at all times herein acting within the purpose and

scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

182. By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and PLAINTIFF has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and PLAINTIFF has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and PLAINTIFF will be unable to pursue PLAINTIFF's usual duties with the same degree of efficiency as prior to this occurrence all to PLAINTIFF's great damage.

183. Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

**WHEREFORE**, the Plaintiff demand judgment against the defendants in an amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action and any other such relief as this honorable Court may deem just, fair and proper, to wit.

a. Compensatory damages in the sum which equals or exceeds the jurisdictional limits this Court
b. Punitive damages where permitted in the sum which exceeds the jurisdictional limits of  this Court.
c. Pursuant to §1988 An award of reasonable attorney's fees, costs and disbursements;
d. Plaintiff  requests a trial by jury of all issues involved in this complaint;
e. Such other and further relief as this Court may deem just, meet and proper under the circumstances.

Dated: New York New York
           October 2, 2020

                                                    _____/S/_____
                                                    REHAN NAZRALI, Esq.
                                                    299 Broadway, 17th Floor
                                                    New York, NY 10007
                                                    Tel: 646-331-9378