UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SIDI MOHAMMED ADENANE,

                Plaintiff

v.                                 **MEMORANDUM & ORDER**
                                         20-CV-4734 (WFK) (VMS)

CITY OF NEW YORK, *et al.*,

                Defendants.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**
Before the Court is Defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. For the reasons discussed below, the motion is granted and this action is dismissed.

## BACKGROUND

On October 2, 2020, Plaintiff Sidi Mohammed Adenane ("Plaintiff") commenced this action pursuant to 42 U.S.C. §§ 1983 and 1988, asserting several claims arising from his arrest on or about October 2, 2019. *See* Complaint, ECF No. 1. After Plaintiff failed to appear for a deposition scheduled for October 13, 2021, his counsel requested a 60-day stay of the action, which the Honorable Magistrate Judge Vera M. Scanlon granted on November 10, 2021. *See* Pl. Mot. to Stay, ECF No. 11; November 10, 2021 Order. On January 12, 2022, the parties filed a joint status letter informing the Court that Plaintiff's counsel was unable to reach his client and requesting an additional 60-day stay of the action, which Magistrate Judge Scanlon granted on January 13, 2022. *See* Joint Status Report, ECF No. 12; January 13, 2021 Order. On March 22, 2022, Magistrate Judge Scanlon held a conference during which Plaintiff's counsel informed the Court he had made several unsuccessful attempts to reach his client, and sought leave to file a motion to withdraw as counsel for Plaintiff. Magistrate Judge Scanlon granted an additional thirty-day stay of this action and ordered Plaintiff's counsel to file a motion to withdraw or a

1

status report on or before the conclusion of the 30-day stay. *See* March 24, 2022 Status Report Order. Plaintiff's counsel failed to comply with the March 24, 2022 order, as well as an order issued on May 26, 2022 again directing Plaintiff's counsel to file the requested motion to withdraw or status report.

On June 7, 2022, Magistrate Judge Scanlon ordered Plaintiff's counsel to show cause why this action should not be dismissed for failure to prosecute. *See* June 7, 2022 Order to Show Cause. On June 21, 2022, Plaintiff's counsel requested leave to file a motion to withdraw as counsel. *See* ECF No. 13. On July 7, 2022, Magistrate Judge Scanlon granted leave to file the motion and scheduled a hearing for August 18, 2022. *See* July 7, 2022 Order. Plaintiff's counsel filed the motion to withdraw on July 15, 2022 but did not appear for the hearing on this motion on August 18, 2022. *See* Mot. to Withdraw, ECF No. 15; August 18, 2022 Order. Plaintiff's counsel then failed to abide by the order of the Magistrate Judge directing him to file a letter by August 25, 2022 explaining his nonappearance at the motion hearing, and updating the Court regarding the status of his communications with his client. On August 31, 2022, Plaintiff's counsel filed a letter suggesting he had not had any contact with his client for more than six months. ECF No. 16. On November 7, 2022, Plaintiff's counsel filed a letter indicating he has not had contact with the Plaintiff for over twelve months. November 7, 2022 Ltr., ECF No. 21.

On November 28, 2022, Defendants filed the instant motion to dismiss for lack of prosecution. Def. Mot., ECF No. 23. Plaintiff has not opposed; thus, the Court deems the motion fully briefed.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part that when a plaintiff fails to prosecute or comply with a court order, "a defendant may move for dismissal of

2

an action or any claim against the defendant." A district court has the inherent power to dismiss a case for lack of prosecution pursuant to Rule 41(b). *See Link v. Wabash R.R. Co.*, 360 U.S. 626, 629 (1962); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). In deciding whether to dismiss a case for failure to prosecute, courts consider whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "'No one factor is dispositive' in determining the proper outcome and a court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b)." *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (Koeltl, J.) (quoting *Norden Sys., Inc.*, 375 F.3d at 254).

All five factors suggest dismissal is proper here. First, Plaintiff has been absent from this case for over a year—since October 2021—and his nonappearance and lack of communication with his counsel have resulted in multiple stays of this action. Plaintiff's counsel has also repeatedly stated he believes his client has "abandoned" this case. *See* ECF Nos. 15, 16, 21. Secondly, Magistrate Judge Scanlon has indicated numerous times over the last year that Plaintiff's failure participate in this action could result in dismissal. *See* May 26, 2022 Order; June 7, 2022 Order; August 18, 2022 Order. Plaintiff's counsel has made multiple attempts by phone and letter to inform his client of the risk that his action may be dismissed. *See* Exs. A–D, Mot. to Withdraw, ECF Nos. 15-3, 15-4, 15-5, 15-6. A legal assistant employed by Plaintiff's counsel even visited Plaintiff's last known address on June 21, 2022 and was informed Plaintiff had not resided at that address for the last three years. Connolly Affidavit, ECF No. 15-1.

3

"[C]ourts have found that dismissal is appropriate for delays shorter than several months when the plaintiff has become completely inaccessible, because inaccessibility strongly suggests that the plaintiff is not diligently pursuing his claim." *Murray v. New York City Dep't of Corr.*, No. 16-CV-0676, 2016 WL 7665809 (E.D.N.Y. Dec. 23, 2016) (Tiscione, Mag. J.) (citing cases), *report and recommendation adopted*, No. 16-CV-0676, 2017 WL 87033 (E.D.N.Y. Jan. 9, 2017) (Donnelly, J.).

With respect to the third factor, a "rebuttable presumption that a defendant was prejudiced may arise where 'the delay was lengthy and inexcusable.'" *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (Gorenstein, Mag. J.) (quoting *Norden Sys., Inc.*, 375 F.3d at 256). Moreover, "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.* (citing cases). Here, the delay has resulted in more than a year in which the case has not substantively progressed, and Plaintiff remains both absent and inaccessible. Therefore, prejudice to Defendants is presumed.

Fourth, Plaintiff has been provided with repeated notice of the consequences of inaction in his case as well as repeated chances to preserve his opportunity to be heard. Nonetheless, he has failed to appear or even to communicate with his counsel. Accordingly, the interest in alleviating court calendar congestion here outweighs "any interest in preserving the due process rights of a party [who], despite multiple opportunities, has expressed no interest in preserving them." *Golden v. Tapestry Med., Inc.*, No. 14-CV-1834, 2017 WL 3868799, at *3 (E.D.N.Y. Sept. 5, 2017) (Mauskopf, J.). "It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, No. 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) (Gershon, J.).

Finally, no lesser sanctions would be effective here. "Courts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." *Caussade*, 293 F.R.D. at 631 (citing cases).

## CONCLUSION

For the reasons discussed above, the Court grants the Defendants' motion to dismiss for failure to prosecute this action. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 23 and to close this case.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 29, 2022
 Brooklyn, New York